FILED

99 NOV 24 PM 2:02

U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED

NOV 24 1999

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SOUTHERN NATURAL GAS COMPANY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CV 97-L-2367-S |
| vs. | ) | |
| | ) | |
| 2.179 ACRES OF LAND LOCATED IN CULLMAN COUNTY, ALABAMA; WILLIAM M. RICE; TERESA D. RICE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

RE: Cullman County Tract No. 52

**MEMORANDUM OPINION**

I.   Introduction

Currently pending before this court is an objection to the Report of Commissioners filed by defendants, William M. Rice and Teresa D. Rice. Under Rule 53(e)(2) of the Federal Rules of Civil Procedure, "the court after hearing may adopt the report or may modify it or may reject it in whole or in part." Likewise, the court's review of the Report of Commissioners is only for clear error. The following paragraphs contain the issues that were discussed in oral argument, the party's objections to the Report of

Commissioners, as well as the court's findings and final judgment.

II. <u>Discussion and Findings</u>

    A. Damages Awarded for the Permanent Easement

The Commissioners awarded $5,450 for the permanent pipeline easement. Defendants object to this award claiming that the report of value made by the Commissioners is greatly below market value. Defendants testified as to their opinions of the value of the property before and after the pipeline but did not present any market data to substantiate these opinions. As cited in the <u>Instructions to the Commissioners</u>, when deciding what weight if any to give to opinion evidence, the Commission is to consider the "extent to which their opinions are based upon a thorough and careful analysis of the applicable facts and circumstances and are consistent with the legal principles involved, and the extent to which the reasons given for their opinions appear ro be sound and reasonable." The court finds that the Commissioners' award, made in light of defendants' opinion testimony, was not clearly erroneous. The defendants' testimony offered for the valuation was not based on any calculation and was solely an opinion.

In addition, defendants object to this court's previous order directing the Commissioners not to consider any evidence on the value of mineral deposits underlying the easement. The court

instructed the Commissioners to hear such evidence only if there was a mining operation in existence at the time of the taking or there was a documented plan for mining the deposit in the reasonably foreseeable future. Neither of the two circumstances existed, and as such, the Commissioners correctly proceeded. For the foregoing reasons, this court approves and adopts the Commissioners' finding as that of this court.

  B. Amount Awarded for Temporary Easement

The Commissioners recommended that $2,000 was appropriate compensation for the temporary construction easement. For the reasons discussed above, the Commissioners' findings are approved and adopted as the findings of the court.

  C. Damage to the Remaining Property

The Commissioners recommended that landowners be awarded $7,280 compensation for damage caused by the pipeline outside of the permanent easement. Defendants object to this award claiming that the Commissioners failed to adequately compensate the defendants for damages to the remaining property. However, for remainder damages to be an appropriate element of just compensation, the landowner, through credible evidence, must: (1) establish a probable use of the remaining property in the reasonably near future; and (2) establish that the presence of the pipeline will adversely impact such use. The court finds that there

is substantial evidentiary support for the Commissioners' award, and as such, the Commissioners' findings are approved and adopted as the findings of the court.

    D.  Amount Awarded for Timber Damage

The Commissioners recommended that damage to the timber in this easement amounted to $7,280. The Commissioners' findings are approved and adopted as the findings of the Court.


III. Conclusion

The Commissioners have recommended an award to the owners of the property in the above-described easement in the amount of $15,645. Having concluded that no element of the Commissioners' award is clearly erroneous, the court approves and adopts the Report of Commissioners in whole. In view of the foregoing discussion, a separate judgment will be entered in the amount of $15,645 as just compensation in favor of defendants.


    DONE this 24th day of November 1999.

                                                                           /s/ Seybourn H. Lynne
                                                                           SENIOR JUDGE